IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRELL R. HUGHES | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-0637-B (BT) |
| | § | |
| CHERYL LEE SHANNON, et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Terrell R. Hughes filed a *pro se* civil action against Judge Cheryl Lee Shannon, Kierra Richardson, and the Texas Department of Family and Protective Services. *See* (ECF Nos. 3, 6). The Court granted him leave to proceed *in forma pauperis* and withheld issuance of process pending judicial screening. (ECF No. 6). The Court then sent Hughes a Questionnaire seeking information to better understand the nature of his claims. (ECF No. 7). Hughes responded and also submitted copies of a "Demand of Subrogation" and a "Jurisdictional Challenge with Affidavit" that he apparently filed in juvenile proceedings pending in state court.[1] (ECF No. 9.) Having reviewed all these materials, the Court recommends that this civil action be dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

[1] The "Demand of Subrogation" contains no caption and is addressed to the Henry Wade Juvenile Justice Center. The "Jurisdictional Challenge with Affidavit" contains the caption *State of Texas DCCPS v. Terrell Rayshawn Hughes*.

I.

Hughes's allegations are disjointed and difficult to follow, but he appears to primarily take issue with proceedings in the Texas juvenile justice system, presided over by Judge Cheryl Lee Shannon. He complains that the "Henry Wade Juvenile Justice System" harassed him and coerced him into participating in unidentified services—despite the fact that he challenged the court's jurisdiction (preserving his constitutional rights before entering "in to the sea") and filed a document to "certify" his right to subrogation. *Id.* He claims that the imposition of these "services" by the Henry Wade Juvenile Justice System and the Texas Department of Family and Protective Services violates his constitutional rights, particularly the Fourth Amendment to the United States Constitution. *Id.* at 3.[2]

Hughes continues with a series of allegations addressed to each "counter defendant." *Id.* He maintains that he is not the same person as his trademarked and copywritten name, which was "created by the state, and the District of Columbia under deception." *Id.* He further insists that he does not have a contract with any of the unidentified counter defendants and that this is evidenced by "documents that are on file with the (Texas) Secretary of State, the public records of this County, record of this Court,

---

[2] Hughes refers to the "Department of Child Protective Services" and the "Department of Family Protective Services." The Court takes judicial of the fact that the official name of this agency is the Texas Department of Family and Protective Services. *See* https://www.dfps.state.tx.us (last visited Mar. 2, 2021).

US Department of Treasury, Internal Revenue Service, U.S. Department of Commerce, U.S. Department of Justice, and others." *Id.*

Hughes also sets forth a series of allegations that appear to be based on the so-called "sovereign citizen" ideology. *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."). For example, Hughes notes that "[w]e the sovereign indigenous people of America the land lost our ability to pay with lawful money Gold and Silver since the 1933 US declared bankruptcy HJR 192 (House Joint Resolution 192)." *Id.* at 5. He also opines that "birth certificates, social security, and identifications created an alter ego/split personality" . . . to "prevent us knowing and seeking the truth that we are all one equal divine, and spiritual beings with true essence nature and Co-creator rights." *Id.* at 4-5.

Hughes also presents a series of "rhetorical questions;" (for example, "[i]s it mandatory that we the people must consent and comply with what we do not consent and comply with?"); a notice of "opportunity to cure," which implores certain unidentified "Third-Party Defendants" to drop claims against him, return items to him, pay damages to him, erase certain information concerning him, and prove their claims against him (and disprove his claims); and a "counterclaim" in which he lists a series of legal

terms with a corresponding dollar figure—for example, "Extortion, $100,000.00 (One Hundred Thousand US Dollars) per Third party Defendant, per count, per violation, per occurrence." *Id.* at 5-12.

## II.

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

## III.

The Court must liberally construe the filings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers). But here, even under a most liberal construction, Hughes's complaint is both legally and factually frivolous.

Initially, Hughes's factual allegations are irrational and nonsensical. His sovereign citizen claims are also legally frivolous. *See, e.g. Watson v. Texas State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam) (affirming dismissal of claims based on legal theories associated with the sovereign citizen movement as "frivolous" and "entirely without merit"); *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018) (noting that "[s]overeign-citizen legal arguments . . . are indisputably meritless.").[3]

To the extent Hughes seeks to challenge a ruling or judgment of a Texas juvenile court through this federal lawsuit, he is barred from doing so by the *Rooker-Feldman* doctrine which prevents district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

---

[3] "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.' However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Westfall*, 2018 WL 2422058, at *2 (citations omitted).

280, 284 (2005). This doctrine would seemingly apply here to bar Hughes's claims concerning the state court proceedings.

Further, the Court notes that Judge Cheryl Lee Shannon enjoys absolute judicial immunity from claims for damages arising out of acts performed in the exercise of her judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The absolute immunity can be overcome only by a showing that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Id.* at 11; *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

Hughes does not make that showing here. His claims appear to be premised upon an order that Judge Shannon issued in state court proceedings and he presents no non-conclusory allegations suggesting that Judge Shannon lacked jurisdiction to enter that order. Thus, Hughes's claims against Judge Shannon may be dismissed on grounds of judicial immunity as well.

As for the Texas Department of Family and Protective Services, this entity, as an agency of Texas, enjoys Eleventh Amendment immunity from suit in federal court absent an express waiver. *See Soto v. Texas Dep't. of Family and Protective Services*, 197 F.Supp.3d 930, 932 (S.D. Tex. 2016) (dismissing suit against the Texas Department of Family and Protective Services because "[i]t is a well-settled principle that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against

the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived" and, therefore, "CPS, as a state agency, is entitled to the protections of sovereign immunity") (citations omitted). Thus, the Eleventh Amendment bars whatever claims Hughes is attempting to assert against the Texas Department of Family and Protective Services.

Finally, as to Kierra Richardson, Hughes presents no allegations against this defendant at all, much less any allegations sufficient to state a claim upon which relief can be granted.

In sum, Hughes complaint is frivolous and fails to state a claim upon which relief may be granted.

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal, but leave to amend is not required when a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, because Hughes already responded to a questionnaire (ECF No. 9), further leave to amend is not necessary, and his complaint may be dismissed with prejudice. *See, e.g., Nixon v. Abbott*, 589 F. App'x. 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint.") (citation omitted);

7

*Richardson v. County of Dallas*, 2018 WL 1156004, at *5 (N.D. Tex. Feb. 7, 2018) (noting that action should be dismissed with prejudice where the plaintiff had been afforded the opportunity to plead his best case through his verified answers to the screening questionnaire) (citations omitted).

IV.

The Court recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

SO ORDERED

March 2, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).